# Greenwood's Appeal.

1. After notice by a landlord to a sheriff of a claim of rent from goods levied on has been accepted and acted on by him, it is too late to except to its sufficiency.

2. A landlord verbally agreed with a tenant for the occupancy of a house at a fixed rent, and the tenant entered; he frequently declined to sign a written lease but continued in possession; near the end of the term he executed the lease dating from the agreement, and on the next day his goods were levied on under an execution. *Held,* that the landlord's claim for rent could not be sustained on the written lease, but could be on the previous verbal agreement and the possession under it.

October 13th 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Appeal from the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1875, No. 172.

In the distribution of the proceeds of the sheriff's sale of the personal property of John Hardman, sold under an execution issued on a judgment against him in favor of J. K. Lanahan.

After the levy and sale of the goods the sheriff received a notice as follows:—

"J. K. Lanahan *v.* John Hardman.

"J. H. Hare, sheriff, you will please take notice, that I have claim for rent against the above-named defendant, amounting to the sum of seven hundred and thirty-six 66-100 dollars, which rent has accrued since and dating from April 1st 1874, upon the premises levied upon by you and sold on the 26th day of Feb-

ruary 1875. You will please retain such sum in satisfaction of my said claim for rent, as provided by the Act of Assembly in such case made and provided.     N. W. SHAFER,
"Attorney for Abraham Greenwood, landlord."

The sheriff brought the money into court; it amounted to $383.60, after deducting costs, and was referred to James M. Carpenter, Esq., to report distribution.

There was given in evidence, on the hearing before him, an agreement between Greenwood and Hardman, by which Greenwood leased to Hardman "the house on the corner of Twelfth and Penn streets, and the house next adjoining, at the annual rent for both houses of $1003.20, at the rate of $83.60 per month, payable monthly in advance." * * *

"(Remarks.) The rent of the store to commence the 1st day of April 1874, and the rent of the premises on the 12th day of June 1874.

"In witness whereof, the said Abraham Greenwood and John Hardman have hereunto set their hands and seals the 1st day of April 1874."

W. W. Brown was the subscribing witness.

He testified that he did not see either party sign the lease; it and its duplicate were delivered in his presence; he witnessed it at the request of both parties, the day before the seizure of the property.

Mrs. Greenwood testified that the lease was signed in February 1875; he had been in possession since April 1st 1874.

Greenwood testified that the contract of lease was made on or about the 1st of April 1874 for three rooms, which included the cellar; it was completed, but not put into writing at that time. Hardman asked witness what rooms he would have to rent; he said four, but they would not be ready till June 12th; these rooms had nothing to do with the other three rooms; they were a separate contract; Hardman asked about four rooms more; witness said the rent of the first four rooms would be $18.60 per month; the other four rooms $15 per month, and the rooms and cellar first referred to $50 per month; the lease was to run from April 1st 1874 to April 1st 1875. He never made any other lease or contract. This lease was put into writing; it was the same offered in evidence. The contract for the last four rooms was made in the latter part of May. Witness signed the lease in June, and took it to Hardman, but he refused to sign then and after several requests.

The auditor reported:—

* * * "By the terms of the lease in evidence, and also by the testimony of Abraham Greenwood, it appears that a portion of the premises described in said lease were let to said Hardman, at the rate of fifty dollars per month from April 1st 1874; that another portion of said premises were let at the rate of eighteen 60-100 dollars per month from June 12th 1874. By the sheriff's return,

it appears that the sale of defendant's interest in the leasehold of premises described on lease, now in evidence, and also of defendant's other personal property, took place on the 26th day of February, the levy on the same having been made on the 19th day of said month. * * * From the testimony it appears that at the time said levy was made there was rent to the amount of $838.60 accrued. From Mr. Greenwood's claim, as filed with sheriff, it appears that he only claimed rent to the amount of $736.60. In either case the amount realized from the sale as aforesaid is insufficient to satisfy the claim of Greenwood, there being no evidence to show that Greenwood's claim was incorrect or illegal." * * *

Lanahan filed the following exceptions to the report with the auditor :—

1. That the auditor erred in not allowing the said J. K. Lanahan, the plaintiff, the whole amount of the fund distributed by him.

*        *        *        *        *        *        *

3. That the notice of said Greenwood to the sheriff of alleged rent in arrear, was insufficient in law, and the same should have been excluded and thrown out by the auditor.

The auditor adhered to his report.

The Court of Common Pleas (Sterrett, P. J.) sustained the exceptions, and decreed to·Lanahan the sum which the auditor had awarded to Greenwood.

Greenwood appealed to the Supreme Court, and assigned the decree for error. ·

*N. W. Shafer*, for appellant.

*W. W. Power* and *R. J. Power*, for appellees.

Mr. Justice MERCUR delivered the opinion of the court, November 26th 1875.

This contention is between claimants for the money raised by a sheriff's sale of the personal property of one Hardman: When levied on and sold, it was on lands of the appellant, but in possession of Hardman. The appellant claimed as landlord for rent in arrear, and the appellee as the plaintiff in the execution. The auditor appointed to distribute the fund awarded it to the appellant. On exceptions filed, the court sustained them, and decreed the money to the appellee. From that decree this appeal was taken.

The assignments of error are to the court having sustained those exceptions. The third relates to the sufficiency of the notice given to the sheriff. Having been accepted and acted on by him, it was clearly too late for objection to its sufficiency thereafter. The other assignments raise the question whether the evidence proves the rent to have been due and in arrear on an existing tenancy.

The auditor, not very distinctly, but impliedly, found these facts in the affirmative. An examination of the evidence returned

with his report, discloses these facts, to wit: At the time of the levy and of the sale, Hardman was undoubtedly in possession of the premises, under a written lease from the appellant. It bore date April 1st 1874, and was for one year. The annual rental was $1003.20, or $83.60 payable monthly in advance. On one portion of the premises the rent was to commence at the date of the lease, on the other, not till the 12th of June 1874. The levy and sale were made in February 1875.

There is no evidence of the payment of this rent. The fund in court for distribution was insufficient to pay the rent which accrued prior to the levy. It appears, however, that the lease was not, in fact, signed by Hardman until a short time before the levy. If the claim of the appellant rested on this written lease, signed at that late day, without any antecedent agreement to support it, the objection of the appellee would be unanswerable.

A further examination of the testimony shows the appellant testified " the contract was made on or before April 1st 1874; the contract was completed, but not put in writing at that time." He further testified, " the lease referred to was reduced to writing— being the same lease offered in evidence."

The wife of the appellant testified: " Mr. Hardman has been in possession since April 1st 1874." Appellant further swore: " I signed the lease in evidence some time in June, and took it down for him to sign." It also appears that the appellant again took the lease to Hardman to sign in October of the same year. At one time he alleged he had not time to sign it—was going out; at another time refused to sign on account of having no witness.

Thus it appears, without the aid of the written lease, the appellant proves a parol lease, entry under it and continued occupation. None of these facts are contradicted by any evidence in the case. It follows, then, the auditor was correct in his conclusions and his report should have been confirmed. The learned judge therefore erred in decreeing the money to the appellee, and it must be reversed.

> Decree reversed, with costs to be paid by the appellee, and it is ordered that the record be remitted to the court below, that a decree may there be made conformably with this opinion.